■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH HERNAIZ, Appellant. — Judgment, Supreme Court, New York County, rendered June 28, 1977, convicting defendant after a jury trial of two counts of murder in the second degree and sentencing him to concurrent terms of 20 years to life, affirmed. As the District Attorney acknowledged with commendable candor, it was improper for the trial assistant in his summation to invite the jury's attention to the circumstance that the defendant had been intermittently napping during the trial and to invite the jury to consider that in reference to the character of a defendant who had not testified. When considered in the context of the entire summation, and the evidence adduced at the trial, this error does not justify reversal of the conviction, nor do any of the other errors alleged on the appeal. The most substantial issue presented is the claim that a prosecution witness falsely denied that he expected to receive a benefit for his testimony in connection with a sentence then pending in the criminal court of another county and that the trial assistant improperly failed to disclose

relevant information bearing on such an expectation. The defendant's brief appends a transcript of a proceeding in the Queens Criminal Court in which the trial assistant in this case appeared, successfully recommended leniency for the witness, and stated that he had informed the witness that the fact of his co-operation on the instant trial would be called to the attention of the sentencing Judge. It is argued that this statement is inconsistent with testimony given by the witness on the trial, in part elicited by the trial assistant, and is also inconsistent with the thrust of statements in the prosecutor's summation on the trial. Under the circumstances, this issue is more appropriately addressed by a motion to vacate the judgment pursuant to CPL 440.10 which would permit a more complete development of the relevant facts. (Cf. *People v Mangi,* 10 NY2d 86.) Concur — Kupferman, J. P., Sandler, Ross and Bloom, JJ.